**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MELINA RAZAVI,<br><br>    Plaintiff,<br><br>v.<br><br>BENDORF DR. APTS., et al.,<br><br>    Defendants. | Case No. 16-cv-01388-BLF<br><br>**ORDER GRANTING LEAVE TO FILE A THIRD-PARTY COMPLAINT** |

Before the Court is Defendants Bendorf Drive Apartments and Santa Clara County Housing Authority's motion for leave to file a third-party complaint against Fine Line Construction under Rule 14. Mot., ECF 32. The time for filing an opposition has elapsed, and Plaintiff Melina Razavi has not filed an opposition. Pursuant to Civ. L.R. 7-1(b), the Court finds this motion suitable for submission without oral argument and hereby VACATES the hearing scheduled for July 20, 2017. For the reasons discussed herein, the Court GRANTS Defendants' motion.

**I. BACKGROUND**

Plaintiff Razavi asserts two causes of action against Defendants: (1) negligence; and (1) violations of the Americans with Disabilities Act of 1990 ("ADA"). *See* generally First Am. Compl. ("FAC"), ECF 9. Razavi alleges that on or about March 21, 2014, she was within and about 282 Danze Dr. San Jose, CA 95111 (the "Premises"), operated and maintained by Defendants, for the purpose of seeing an apartment that Defendants had required her to see or to relocate. *Id.* ¶¶ 9-10. According to Razavi, she suffered a stroke and is permanently disabled. *Id.* ¶ 11. Razavi alleges that she had informed Defendants that she needed accommodations, including keeping the Premises clear of objects and obstacles due to drowsiness and lack of

coordination caused by her disability. *Id.* ¶ 12. Razavi then claims that a rockbag or sandbag was placed in the middle of the sidewalk in a pitch dark area, causing injury to her. *Id.* ¶¶ 13-14. Razavi further claims that Defendants also refused to accommodate her by refusing to offer her an apartment on the quiet side of the complex. *Id.* ¶ 15.

## II. LEGAL STANDARD

Rule 14(a) permits a defending party to implead a third party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). When, as is the case here, the third-party complaint is not asserted within 14 days of the filing of a defendant's original answer, the decision to permit the third-party complaint is within the "sound discretion of the court." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). In the exercise of this discretion, courts "balance the desire to avoid a circuitry of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case" by considering the following factors: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead. *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (quoting *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3d Cir. 1971)). The Court considers those factors here, keeping in mind that the purpose of Rule 14 is to promote judicial efficiency, and leave to file a third-party claim is liberally granted in furtherance of that policy. *See J & J Sports Prods., Inc. v. Tolentino*, No. 10-02089-LJO, 2011 WL 5547144, at *2 (E.D. Cal. Nov. 14, 2011).

## III. DISCUSSION

Defendants seek to implead as third-party defendant Fine Line Construction, who contracted with Bendorf Drive Apartments, also known as Villa San Pedro, to perform work on the Premises. Mot. 3; Ex. D to Mot. ("construction contract"). Defendants assert that the contract contains a provision providing indemnification for Defendants against any lawsuits arising out of Fine Line Construction's work. Mot. 4. In addition, Defendants contend that the sandbags alleged by Plaintiff, and therefore the alleged injuries resulting therefrom, were "a product of the construction work" done by Fine Line Construction. *Id.*

The Court finds that granting Defendants leave to file a third party complaint will not

result in prejudice to Plaintiff Razavi, complicate issues at trial, or delay trial. The Court observes that this case is not yet set for trial, and discovery remains open. Although this motion was filed almost three months after the deadline to add parties, the Court finds the motion timely under the circumstances. Defendants first tendered this claim to Fine Line Construction on January 20, 2017. Atterbury Decl. ¶ 2, ECF 32. A claims administrator retained by Old Republic General Insurance Corporation responded on behalf of Fine Line Construction on February 2, 2017, informing that it will start its investigation, and requested additional information from Defendants. Ex. B to Atterbury Decl. Defendants sent a follow-up letter responding to the inquiries and renewing the tender on February 24, 2017. Ex. C to Atterbury Decl. As of April 4, 2017, the claims administrator had not accepted the tender and Defendants then filed the instant motion. Atterbury Decl. ¶ 6.

Furthermore, the addition of Fine Line Construction as a third party is unlikely to materially complicate the issues at trial nor, in light of the lack of any opposition from Plaintiff, will it substantially prejudice Plaintiff. *See Joe Hands Prods., Inc. v. Davis*, No. 11-6166, 2012 WL 6035538, at *2 (N.D. Cal. Dec. 4, 2012) (granting similar motion in similar circumstances).

The Court accordingly GRANTS Defendants' motion for leave to file a third-party complaint. Defendants shall file the third-party complaint **on or before May 10, 2017** and serve Fine Line Construction in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: April 26, 2017

BETH LABSON FREEMAN
United States District Judge

3